# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

NISAR AHMAD FANA,

                                    Petitioner,

          v.

KRISTI NOEM, Secretary of the
Department of Homeland Security,
PAMELA JO BONDI, Attorney General,
TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement,
JESUS ROCHA, Acting Field Office
Director, San Diego Field Office,
JEREMY CASEY, Warden at Imperial
Regional Detention Center,

                                    Respondents.

Case No.:  26cv0504 DMS MMP

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse. The parties also filed supplemental briefs in response to the Court's March 5, 2026 Order, and Petitioner also filed a Status Report. For the following reasons, the Petition is granted.

Petitioner was born in Afghanistan in 1999. (Pet. at 2.) He worked for the United States during the war, and when the United States withdrew from Afghanistan, he was

persecuted. (*Id.*) Petitioner fled Afghanistan, and on December 18, 2024, he entered the United States via CBP One seeking asylum. (*Id.*)

Petitioner was detained immediately. (*Id.*) He passed his credible fear interview, and was placed in removal proceedings. (*Id.*) On July 14, 2025, he lost his asylum claim, and the immigration judge ordered him removed to "France (French Guiana)", or in the alternative, to Afghanistan.[1] (*Id.*)

Since that removal order was entered, Petitioner has worked with Immigration and Customs Enforcement ("ICE") to facilitate his removal from the United States. (*Id.*) He provided copies of his refugee travel document and a French Residence Permit to ICE and asked them to request travel documents for him. (*Id.*) On September 8, 2025, ICE sent a request for a travel document to Enforcement and Removal Operations Removal and International headquarters ("RIO"). (Decl. of Concepcion Arredondo ("Arredondo Decl.") ¶ 11.) On December 2, 2025, RIO advised ICE that its request was awaiting authorization from France. (*Id.* ¶ 13.) On January 21, 2026, France advised ICE that the request was still pending. (*Id.* ¶ 15.)

On January 26, 2026, Petitioner filed the present case alleging a claim that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231. Respondents argue Petitioner has not met his burden to show there is no significant likelihood he will be removed in the reasonably foreseeable future, and even if he has, they have rebutted Petitioner's showing.

After reviewing the parties' briefs, the Court requested supplemental briefing from the parties on whether Petitioner is a citizen of France. (ECF No. 6.) In their supplemental briefs, the parties agree Petitioner is not a citizen of France. Petitioner admits he received asylum in French Guinea, and states that country has denied ICE's request for a travel document for Petitioner. (Pet.'s Supp. Br. at 2; Pet.'s Supp. Doc. at 3.) Respondents do

---

[1] Respondents state they are no longer seeking to remove Petitioner to Afghanistan. (Resps.' Supp. Br. at 2 n.4.)

26cv0504 DMS MMP

not address Petitioner's evidence to that effect.  Instead, they assert Petitioner has lawful status to reside in France based on his asylee status there, that ICE has requested a travel document for Petitioner from France, and it is still awaiting a response to that request.

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."  28 U.S.C. § 2241(a).  A petitioner prevails on his petition for writ of habeas corpus if he shows that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" (referred to as the "removal period").  28 U.S.C. § 1231(a)(1)(A).  An alien must be detained during the 90-day removal period.  28 U.S.C. § 1231(a)(2).  After the removal period, an alien not yet removed may continue to be detained or released under supervision; however, detention beyond the removal period is limited to what is reasonably necessary to bring about the alien's removal.  28 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 689.  Section 1231 contains an implicit time limitation of six months, after which post-removal detention is no longer presumptively reasonable.  *Zadvydas*, 533 U.S. at 690, 701.  The petitioner has the initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which, the Government must respond with evidence sufficient to rebut this showing.  *Id.* at 701.  If removal is not reasonably foreseeable, the petitioner's detention is no longer authorized by statute.  *Id.* at 699–700.  "In that case, . . . the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances."  *Id.* at 700.

Here, Petitioner has been detained for over sixteen months, and for nearly nine months since his final removal order was entered, triggering the *Zadvydas* burden-shifting scheme.  Petitioner argues there is no significant likelihood he will be removed to France in the reasonably foreseeable future because (1) he is not a citizen of France and (2) France

has not given ICE any indication of when it may make a decision on ICE's request for a travel document. (Traverse at 2-3.) Respondents do not dispute either of these arguments, and thus Petitioner has met his burden at step one of the *Zadvydas* framework.

Respondents attempt to rebut Petitioner's showing by relying on their request for a travel document and their follow-up requests for status on their request. However, those efforts do not show there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Respondents also assert "there is no evidence that the French government would not authorize Petitioner's return," (Return at 5), but there is similarly no evidence the French government will authorize Petitioner's return, particularly when he holds asylee status and is not a French citizen. On the present record, Respondents have not come forward with evidence to show there is a significant likelihood Petitioner will be removed to France in the reasonably foreseeable future. *See Hambarsonpour v. Bondi*, No. C25-1802-RSM, 2025 WL 3251155, at *3 (W.D. Wash. Nov. 21, 2025) (finding removal not significantly likely in reasonably foreseeable future where respondents "provided nothing beyond assertions that travel documents and removal will occur 'soon.'")

Accordingly, Petitioner's present detention is unlawful and he must be released. *See Souvannaseng v. Noem*, No. 3:25-cv-3473-CAB-DEB, 2025 WL 3641180, at *2 (S.D. Cal. Dec. 16, 2025) (granting petition and ordering petitioner's release); *Phouvieng K. v. Andrews*, No. 1:25-cv-01512-KES-SAB (HC), 2025 WL 3265504, at *6, 11 (E.D. Cal. Nov. 24, 2025) (finding petitioner likely to succeed on merits of claim and ordering petitioner's release). In accordance with this Order, the parties are ordered to file a Joint Status Report on or before **April 15, 2026**, confirming Petitioner has been released.

**IT IS SO ORDERED.**

Dated:  April 9, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0504 DMS MMP